## Calvin Presbyterian Church v. Clark, Chief of the Bureau of Building Inspection.

*Building laws—Fire-walls—Approval of building inspectors—Churches— Cities of the first class—Mandamus—Act of April 25, 1903.*

1. A church is a "building of the third class," within the meaning of the Act of April 25, 1903, P. L. 304, regulating the construction, maintenance and inspection of buildings and party-walls in cities of the first class.

2. Where the call for a floor area in plans for the erection as one building of a church and Sabbath school is in excess of 7500 square feet between exterior walls, the Chief of the Bureau of Building Inspection cannot waive the provision of the Act of April 26, 1903, P. L. 304, relating to the erection of a fire-wall in such a structure, nor can he, by mandamus, be compelled to do so.

Demurrer to return to alternative mandamus. C. P. No. 5, Phila. Co., Sept. T., 1922, No. 6569.

*S. G. Birnie,* for plaintiff; *E. S. McKaig,* for defendant.

MARTIN, P. J., April 20, 1923.—Upon the filing of a petition by the Calvin Presbyterian Church, a writ of alternative mandamus was issued, directed to the Chief of the Bureau of Building Inspection of the City of Philadelphia, commanding him to show cause why he should not approve the plans under which petitioner was erecting its church auditorium, so that proper permits may issue, in such a way as not to require the erection of a fire-wall.

A return was filed to the alternative mandamus, to which petitioner demurred.

It is averred in the petition that petitioner, in 1904, adopted plans for the erection as one building of a church and Sabbath school building, and completed the Sabbath school building, which was occupied as a place in which to conduct a Sabbath school as well as a church auditorium for public worship. In April of 1922 petitioner concluded to proceed with the erection of the church auditorium with the plans slightly amended, and on May 1, 1922, submitted to the defendant, as Chief of the Bureau of Building Inspection, the plans and applied for a permit, which was refused, except upon the condition that the buildings be separated by a fire-wall, required by the provisions of the Act of April 25, 1903, P. L. 304, which act, petitioner avers, does not cover the construction of the church auditorium, and had not previously been so construed by defendant.

The auditorium, if erected in accordance with the plans adopted by petitioner, it is alleged, will be provided with all necessary facilities in accordance with the requirements of the building laws for safety of egress in case of fire.

In the return, defendant stated that the application for the building permit called for a building of the third class as defined by the Act of 1903, and that section 3 of the act prescribes that buildings of the third class, in which the

floor area between exterior walls exceeds 5000 square feet or 7500 square feet, if the floors and roof be of plank not less than one and three-quarters inches thick when dressed, shall be divided by walls of brick, stone, concrete or other fire-resisting material approved by the Bureau of Building Inspection, and that the plans submitted by petitioner call for a floor area between exterior walls in excess of 7500 square feet, when the floor area of the existing structure with the proposed addition is considered as one structure. It is further averred in the return that defendant is charged with the administration of the building laws of the City of Philadelphia, and his duty requires him to enforce said laws as interpreted by him, with the advice and assistance of the Department of Law, and that he has no discretion to make exceptions in favor of any one, except when authorized by law; that the plans submitted with the application for a building permit show an addition to an existing structure, and in the application of section 3 of the Act of April 25, 1903, P. L. 304, the floor area of the old structure and the floor area of the new structure must be treated as one floor area, and that it is not in compliance with the law, that the floor area of the old structure be less than 7500 square feet, and that the floor area of the newly added structure be less than 7500 square feet, and that because of internal partitions they will never be used as one structure; that the only kind of partition between the old and new structure that will comply with the law is a wall of brick, stone, concrete or other fire-resisting material extending through and at least three feet above the roof, as required by the Bureau of Building Inspection in this structure.

The demurrer raises as a question of law the proper construction of the Act of 1903, and whether or not a church is a building included within its terms.

A church is admitted to be a building of the character designated as third class in the act. Churches are not specifically mentioned; but the title to the act declares its purpose to regulate the construction, maintenance and inspection of buildings and party-walls in cities of the first class, and in section 1 the words "all buildings" are used. Section 3 regulates "buildings of the third class," and requires the construction of a fire-wall approved by the Bureau of Building Inspection whenever the floor area between exterior walls exceeds 5000 square feet, or 7500 feet, if the floors and roof be made of plank of the designated thickness when dressed. There is a proviso that this section shall not apply to private dwellings or to one-story buildings used only for working in non-combustible material. No mention of churches is made in the exemption clause, and no sufficient reason has been advanced for excluding them from the operation of the act, which was passed not only for the protection of occupants of any building,· but to save adjoining property from fire.

The plans submitted by petitioner to defendant are not in evidence. It is stated in the petition that the erection of the church auditorium was to proceed in accordance with the plans, slightly amended, to erect a church and Sabbath school as one building. ·

It is admitted that the floor space in both buildings, if considered as one, exceeds the space permitted by law in the absence of a fire-wall required by the act.

Petitioner has failed to show any legal right to demand that the plans be approved, or that defendant has abused his discretion or exceeded his authority.

And now, to wit, April 20, 1923, the demurrer is overruled and judgment is entered for defendant.